UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-2662-JDP (P)<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, brings this action against California Department of Corrections and Rehabilitation ("CDCR") and San Joaquin County. The allegations in the complaint are deficient. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy this deficiency. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, makes the required showing and is granted.

### Screening and Pleading Requirements

    A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he has been forcibly exposed to toxic environmental conditions at California Health Care Facility ("CHCF"), and that these conditions have had negative impacts on his health. ECF No. 1 at 7. Specifically, plaintiff alleges that defendants made him drink contaminated water that includes chloroform and carbon tetrachloride among other toxic chemicals. *Id*. Plaintiff alleges that these conditions have caused him to suffer environmentally induced respiratory problems, emotional distress, and psychological trauma. *Id*. at 8.

Plaintiff fails to state a section 1983 claim against either defendant. In support of his Eighth Amendment claim, plaintiff points to documented evidence by environmental regulators

1  from 1989 and 2017, the proximity of the Stockton City landfill to CHCF, and water testing from
2  CDCR's staff to allege that defendants knew or should have known that the water they exposed
3  plaintiff to was toxic. ECF No. 1 at 12. However, the complaint alleges that plaintiff was
4  exposed to the toxic water from 2022 to the present, several years after the evidence that plaintiff
5  cites was developed. Crucially, nothing in the complaint alleges that any of the defendants knew
6  that the water was toxic at the time of plaintiff's exposure. This, without more, is insufficient to
7  show deliberate indifference to an excessive risk to inmate health and safety under the Eighth
8  Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("A prison official acts
9  with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive
10 risk to inmate health and safety.").[1]

11       Even if the court were to find that plaintiff sufficiently alleged an Eighth Amendment
12 claim, plaintiff's claim against CDCR is barred by Eleventh Amendment immunity. The
13 Eleventh Amendment generally prohibits federal courts from hearing a section 1983 lawsuit in
14 which damages or injunctive relief is sought against a state or its agencies (such as CDCR),
15 unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66
16 (1989). "The State of California has not waived its Eleventh Amendment immunity with respect
17 to claims brought under § 1983 in federal court. . . ." *Dittman v. California*, 191 F.3d 1020,
18 1025-26 (9th Cir. 1999). A narrow exception exists under the *Ex Parte Young* doctrine that
19 allows prospective injunctive relief against state officials sued in their official capacities. *See*
20 *Will*, 491 U.S. at 71 n.10 (1989). However, plaintiff does not assert claims against any individual
21 state officials in their official capacities. As such, the *Ex Parte Young* exception does not apply
22 and plaintiff's 1983 claim against CDCR is barred by Eleventh Amendment immunity.
23       Turning to the claims against the county, San Joaquin County is not immune from section

---

[1] Plaintiff's Fourteenth Amendment section 1983 claim fails because prison officials' forced exposure of plaintiff to toxic chemicals in the water is behavior against which the Eighth Amendment prohibition against cruel and unusual punishment provides a source of constitutional protection. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (". . .[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

1983 claims under the Eleventh Amendment. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 701 (1978) (holding that municipal bodies sued under section 1983 are not entitled to absolute immunity). Yet, because alleging a *Monell* claim against a municipality requires a constitutional violation, and plaintiff fails to allege such a violation, the 1983 claim against San Joaquin County also fails.

Plaintiff's claim for gross negligence is a state law claim over which the court may only exercise supplemental or diversity jurisdiction. Given that the federal claims are dismissed, the court declines to exercise supplemental jurisdiction over the state law claim. *See Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (holding that a court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it had original jurisdiction).

The remaining claim is asserted under several international treaties for a violation of plaintiff's human rights. Plaintiff invokes the Alien Tort Statute to the extent that it provides a jurisdictional basis for its claims under international law. ECF No. 1 at 17. However, as plaintiff concedes, the Alien Tort Statute authorizes federal courts to exercise jurisdiction over civil actions by non-citizens. *See* 28 U.S.C. § 1350. The court does not have jurisdiction over this claim as plaintiff is an American citizen and no federal statute authorizes his claim. *See Princz v. Fed. Republic of Germany*, 26 F.3d 1166 n.1 (D.C. Cir. 1994) ("While it is true that international law is a part of our law, it is also our law that a federal court is not competent to hear a claim arising under international law absent a statute granting such jurisdiction.").

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: December 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE