UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN, | Case No.  2:25-cv-2662-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| CDCR, *et al.*, | |
| Defendants. | |

On December 22, 2025, I found that plaintiff's initial complaint failed to state a cognizable claim. ECF No. 7.  The complaint alleged that defendants California Department of Corrections and Rehabilitation ("CDCR") and San Joaquin County violated his rights by exposing him to toxic chemicals and unsanitary conditions at the California Health Care Facility ("CHCF").  In my screening order, I noted that plaintiff's claims against CDCR and, by extension, the State of California, were barred by sovereign immunity. *Id.* at 3.  I also found that plaintiff's claims against San Joaquin County were non-viable because he had not identified any policy or custom of the county that was the moving force behind his alleged injuries.  *Id.* at 3-4.  I dismissed the initial complaint with leave to amend, and plaintiff has filed an amended complaint. ECF No. 8.  After review of the amended complaint, I find that it fails to remedy the deficiencies of its predecessor.  Accordingly, I will recommend that this action be dismissed for failure to state

1

a claim.

## I.        Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.       Analysis

As before, plaintiff alleges that CDCR and San Joaquin County have violated his Eighth and Fourteenth Amendment rights by failing to address environmental hazards, including carcinogens, that have permeated CHCF due to its proximity to the Stockton City Landfill.  ECF

No. 8 at 8.  By way of relief, plaintiff requests substantial (multi-million dollar) money damages and injunctive relief requiring defendants to remedy the environmental problems and to transfer plaintiff to a safer facility until such remedial work is finished.  *Id.* at 34-36.

As before, plaintiff cannot maintain an action for money damages against CDCR because such relief is barred by the Eleventh Amendment.  *See Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").  Prospective injunctive relief against a state official in his official capacity does not run afoul of the Eleventh Amendment, but plaintiff has not named any state official in the caption of the complaint.  *See Seminole Tribe of Florida v. Florida.*, 517 U.S. 44, 73 (1996).  The complaint does mention Gena Jones, the warden of CHCF, but she is not identified as a defendant in the caption of the complaint and, even were she named, it is not evident that she would be an appropriate defendant.  To plead a cognizable prospective injunctive relief claim against a state official, a claimant must "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."  *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).  Additionally, the claimant must allege that the official named has "some direct connection with the enforcement of the [allegedly unconstitutional] act."  *L.A. Cnty. Bar Ass'n v. March Fong Eu*, 979 F.2d 697, 704 (9th Cir. 1992).  It is not obvious that Jones, whatever her control over the facility might be, has the power to enact the kind of sweeping environmental change to both the prison and the surrounding environs to remedy the hazards plaintiff alleges exist.

Plaintiff's claims against San Joaquin County also fail.  As best I can tell, the only substantive allegation against the county is that it owns or manages the Stockton City Landfill.  There is no adequate allegation that any custom or policy of the county is responsible for the harms plaintiff complains of.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  The mere existence of the landfill, without more, does not reflect any deliberate indifference on the part of the county.  And, even if the complaint did sufficiently allege a state claim for gross negligence, that claim would not be appropriate to proceed without any viable federal claim and,

3

currently, one has not been pleaded.

Finally, as I noted in my previous screening order, claims invoking international law do not give rise to a viable section 1983 action. *See Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012) ("Section 1983 provides a cause of action against any person who, under the color of state law, abridges rights 'unambiguously' created by *the Constitution or laws of the United States*.") (emphasis added).

I have already afforded plaintiff an opportunity to amend, and his amended complaint is no closer to stating any cognizable claim. Accordingly, I now recommend that this action be dismissed without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend). Plaintiff shall have a final opportunity to state why this action should proceed in any objections he files to these recommendations.

It is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 8, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:      February 27, 2026      _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4